# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

MATTHEW DOUGLAS and SHAELEY COOPER, as parents and natural guardians of B.C., deceased,

    Plaintiffs,

v.

APEX PARKS GROUP, LLC, d/b/a INDIANA BEACH BOARDWALK RESORT,

    Defendant.

CAUSE NO.: 4:19-CV-76-TLS-JEM

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Verified Trial Rule 56(d) Motion for Extension of Time to Respond to Defendant's Renewed Motion for Summary Judgment [ECF No. 37], filed on February 18, 2020. For the reasons stated below, the Plaintiffs' Motion is GRANTED.

## BACKGROUND

On June 27, 2019, the Plaintiffs' child, B.C., visited Indiana Beach Boardwalk Resort, which was an amusement park in Indiana. Compl. ¶ 4, ECF No. 4. While at the park, B.C. "was injured while riding a roller coaster at said location." *Id.* ¶ 5. The Plaintiffs' child "sustained serious bodily injuries which caused his death." *Id.* ¶ 6. On July 15, 2019, the Plaintiffs filed a State Court Complaint [ECF No. 4] in which they alleged that their child's death "was caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises." *Id.* ¶ 12.

On October 1, 2019, the Defendant filed a Motion for Summary Judgment [ECF No. 12]. Thereafter, the Plaintiffs requested a 148-day continuance to conduct discovery and respond to the pending motion. *See* Rule 16 Preliminary Conference, ECF No. 16. Magistrate Judge John E. Martin indicated his hesitance to grant this continuance, and instead suggested that the motion for summary judgment be withdrawn without prejudice with leave to refile upon the completion of discovery. *Id.* On October 24, 2019, the Defendant's Motion for Summary Judgment was withdrawn without prejudice. *See* Order, ECF No. 18. Judge Martin limited the scope of discovery only to the issue of causation and set a discovery deadline of May 28, 2020. *See* Telephone Conference, ECF No. 17.

On December 16, 2019, the Defendant filed a Renewed Motion for Summary Judgment [ECF No. 25] in which it argued that the Plaintiffs cannot prove that the roller coaster caused their child's death. *See* Mem. in Supp. of Mot. for Summ. J., pp. 7–11, ECF No. 27. On February 18, 2020, the Plaintiffs filed the instant Motion for Extension of Time to Respond to Defendant's Renewed Motion for Summary Judgment [ECF No. 37]. Within their motion, the Plaintiffs stated that they believed B.C. was electrocuted while riding the roller coaster and they desired to inspect the electronic solenoids which operate the coaster's lap bar restraints. Pls.' Mot. for Extension of Time ¶ 4. The Plaintiffs maintain that the Defendant refused to preserve and produce the solenoids for inspection. *Id.* ¶¶ 4–10. The Plaintiffs also maintain that the Defendant failed to respond to their requests for depositions. *Id.* ¶¶ 12–14. The Plaintiffs state that the Defendant has otherwise failed to comply with the discovery process regarding interrogatories and requests for documents. *Id.* ¶ 15. The Plaintiff maintain that "[e]ach and every one of [their] attempts to conduct discovery . . . have been stone-walled by Defendant." *Id.* ¶ 17. The Plaintiffs "declare that, for the reasons above, they cannot present facts essential to justify their opposition

to the motion for summary judgment until such time as Plaintiffs are permitted to conduct meaningful discovery in this matter." *Id.* p. 4. In response, the Defendant argues that the requested discovery is not appropriate because it goes to the issue of breach of duty, not causation. Def.'s Resp. ¶ 10, ECF No. 38. The Defendant also argues that the Plaintiffs' request is speculative and is otherwise insufficient to satisfy Rule 56(d). *Id.* ¶¶ 9–10.

## ANALYSIS

The Plaintiffs argue that they cannot respond to the Defendant's Motion for Summary Judgment until they are permitted to conduct meaningful discovery. The Court agrees.

"In the absence of a local rule or court order stating otherwise, Rule 56(b) allows a party to move for summary judgment at any time until 30 days after the close of discovery." *Spierer v. Rossman*, 798 F.3d 502, 506 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(b)). "But moving for pre-discovery summary judgment does not automatically mean that a court has to entertain the motion." *Id.* To that point, "[a] district judge may delay consideration of a summary-judgment motion and order additional discovery if the requesting party demonstrates that 'it cannot present facts essential to justify its opposition.'" *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017) (quoting Fed. R. Civ. P. 56(d)); *see also Spierer*, 798 F.3d at 506 ("Rule 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment in order to allow for appropriate discovery to address matters raised by the motion."). Specifically, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The decision to grant or deny a Rule

56(d) motion is left to the sound discretion of the district court. *Villarreal*, 853 F.3d at 389 (citing *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 622–23 (7th Cir. 2014)).

In this case, the Plaintiffs allege that their child was electrocuted while riding the Defendant's roller coaster. *See* Compl. ¶¶ 9–12; Pls.' Mot. for Extension of Time ¶ 4. As noted above, the discovery deadline for the issue of causation was set for May 28, 2020. *See* Order, ECF No. 18. However, on December 16, 2019, the Defendant filed a Renewed Motion for Summary Judgment [ECF No. 25] in which it argued that the Plaintiffs cannot prove that the roller coaster caused their child's death. *See* Mem. in Supp. of Mot. for Summ. J. 7–11, ECF No. 27.[1] On February 18, 2020, the Plaintiffs filed the instant Motion for Extension of Time to Respond to Defendant's Renewed Motion for Summary Judgment [ECF No. 37]. The Plaintiffs declare that they cannot adequately respond because the Defendant refused their request to inspect the solenoids and have otherwise "stone-walled" their attempts to conduct discovery. *Id.* ¶¶ 10, 17.

The Court finds that the Plaintiffs cannot adequately respond to the Defendant's Motion for Summary Judgment until they are permitted to conduct meaningful discovery. Namely, the Plaintiffs were unable to conduct meaningful discovery because the Defendant acted in bad faith and unnecessarily prolonged the discovery process. The Court specifically finds that the Plaintiffs' requested discovery relates to a material fact—specifically, the cause of B.C.'s death. *See Redbox Automated Retail, LLC*, 770 F.3d at 628 (finding that the district court did not abuse its discretion when it denied a Rule 56(d) motion which sought additional discovery for non-material facts). The Court also finds that the Plaintiffs' discovery requests are not a dilatory tactic or a fishing expedition. *See Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 864 (7th Cir.

---

[1] The Defendant apparently field another Motion for Summary Judgment [ECF No. 26] which is identical to the earlier motion. The latter motion is stricken as duplicative.

2019) ("A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence."). The Court further finds that the Plaintiffs have acted diligently. *See id.* at 866 (noting that a Rule 56(d) motion may be denied when a party has failed to act diligently). The Court also notes that there are numerous discovery disputes, and the Defendant filed its Renewed Motion for Summary Judgment before the close of discovery. *See id.* at 865 ("Appellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes."). As such, the Defendant's Renewed Motion for Summary Judgment [ECF No. 25] is denied without prejudice. Fed. R. Civ. P. 56(d)(1). The Defendant shall not file another motion for summary judgment until after the close of discovery.

Trying to avoid this result, the Defendant argues that the requested discovery goes to the issue of breach of duty rather than causation.[2] The Court concludes that this argument is without merit. As noted above, the Plaintiffs believe that their child was electrocuted on the Defendant's roller coaster, and the Plaintiffs are merely trying to inspect the electronic solenoids that were used on the roller coaster. This request goes to the issue of causation rather than breach of duty. The Court also takes judicial notice of Judge Martin's previous ruling in which he denied the Defendant's Motion for a Protective Order:

> Defendant argues that Plaintiffs' preliminary witness list does not include any witnesses who might be able to opine as to the child's cause of death, and that they cannot prove that the child suffered an injury. It argues that Plaintiffs' proposed discovery, seeking information about the rollercoaster on which the child died, is based purely on speculation since Plaintiffs have not established that the requested discovery will lead them to discern an injury or its cause. . . . Although Defendant is correct that discovery may be limited if it is unduly burdensome or expensive, *Defendant has not met its burden of showing that all Plaintiffs' discovery requests are improper simply because they do not fit with Defendant's theory of the case. Although the Court limited discovery to causation at this stage in the*

---
[2] The Court notes that Judge John Martin limited the scope of discovery to the issue of causation.

5

> *case, Defendant may not merely assert that there is no evidence of causation and refuse to respond to Plaintiffs' discovery requests.* Accordingly, no protective order will issue, and Defendant must respond to Plaintiffs' discovery requests. In particular, Defendant must preserve the requested solenoids and provide them for inspection at a time convenient for Plaintiffs.

Op. & Order, pp. 3–4, ECF No. 39. The Court finds Judge Martin's reasoning well taken and fully adopts it for the purposes of ruling on the instant motion. As such, the Defendant's argument is not persuasive.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Verified Trial Rule 56(d) Motion for Extension of Time to Respond to Defendant's Renewed Motion for Summary Judgment [ECF No. 37] is GRANTED. The Defendant's Renewed Motion for Summary Judgment [ECF No. 25] and Designation of Evidence in Support of Defendant's Motion for Summary Judgment [ECF No. 28] are DENIED without prejudice. The Defendant's Motion for Summary Judgment [ECF No. 26] is STRICKEN as duplicative. The Defendant shall not file another Motion for Summary Judgment until the close of discovery. A date for the filing of any further Motion for Summary Judgment will be set after the close of discovery.

SO ORDERED on March 31, 2020.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT